IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH PITTS (A0259019), | ) | CIVIL NO. 15-00483 JMS/KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION TO RECUSE |
| | ) | CHIEF JUDGE J. MICHAEL |
| NOLAN ESPINDA, et al., | ) | SEABRIGHT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO RECUSE CHIEF JUDGE J. MICHAEL SEABRIGHT**

**I.      INTRODUCTION.**

On June 20, 2016, Plaintiff Joseph Pitts filed his Motion to Alter or Amend Judgment. See ECF No. 31. Chief Judge J. Michael Seabright, to whom this case is assigned, has construed part of the motion as seeking his removal from this case pursuant to 28 U.S.C. §§ 144 and/or 455. See ECF No. 32. Acting Chief Judge Leslie E. Kobayashi therefore assigned the present judge to examine the disqualification issue. See ECF No. 33. Because Pitt identifies no ground to remove Chief Judge Seabright from the case, the motion is denied to the extent it seeks such removal. Chief Judge Seabright will address the remainder of the Motion to Alter or Amend Judgment.

Case 1:15-cv-00483-JMS-KJM   Document 34   Filed 06/24/16   Page 2 of 9   PageID #: 360

**II.        BACKGROUND FACTS.**

Pitts is awaiting sentencing by a state court judge while housed at the Halawa Correctional Facility, a State of Hawaii prison. See ECF No. 1, PageID #s 2, 21. According to www.vineline.com, there is only one Joseph Pitts in custody in the State of Hawaii. The Joseph Pitts listed online appears to be the party in this case, as the online Pitts has the same prisoner ID number listed in the caption above. In State v. Pitts, 131 Haw. 537, 539, 319 P.3d 456, 458 (2014), the Hawaii Supreme Court noted that Pitts was tried and convicted of attempted murder in the second degree, having stabbed a friend. The Hawaii Supreme Court ruled on appeal that the trial court had erred in failing to appoint substitute counsel for post-verdict proceedings, including post-verdict motions and sentencing. Accordingly, the case was remanded for appointment of counsel "for the purposes of filing a motion for a new trial and for resentencing". Id. at 544, 319 P.3d at 463.

On November 16, 2015, Pitts filed the present action while awaiting resentencing. See ECF No. 1. The Complaint asserts that the Hawaii Department of Safety and various prison officials violated the Eighth and Fourteenth Amendments, as well as sections 707-711(A), 707-712(a), and 710-1063 of Hawaii Revised Statutes.

2

On February 8, 2016, Chief Judge Seabright dismissed the Complaint in part but allowed some of Pitts's claims to go forward.  Specifically, Chief Judge Seabright's order noted that the Complaint adequately stated claims for excessive force and common-law battery, as well as assault and battery, with respect to Defendants Officer Russel Botelho, Officer Taylor, Officer Gernler, Officer Keolanui, Officer Magdadaro, Captain Aguon, and Lieutenant Kellie Kent.  However, Chief Judge Seabright dismissed with prejudice the claims against Defendants Hawaii Department of Public Safety Sheriffs and Internal Affairs Offices.  Chief Judge Seabright also granted leave to amend the Complaint with respect to claims asserted against Defendants Nolan Espinda, Lyle Antonio, Lieutenant Ho, Keoni Morreira, Officer J. Tabali, Investigator Manumaleuna, Janice Villalobos, Ueda, Francis Tuifau, and Val DeMello, RN.  See ECF No. 18.

In his declaration, Pitts says that he "truly believe[s] Honorable Judge Michael Seabright Has a personal dislike and bias against [him] that [he] believe[s] will hinder and prevent [him] from Receiving fair and just decisions."  ECF No. 31-1, PageID # 345.  Pitts provides no facts supporting his belief that Chief Judge Seabright is biased against him.  At most, without pointing to specific examples, Pitts complains about Chief Judge Seabright's rulings, saying that Chief Judge Seabright has been inconsistent, has misstated Pitts's claims,

and has miscited the law.  Pitts also says, more than a little
implausibly, that Chief Judge Seabright appears to be engaging in
<u>ex parte</u> communications in the form of allegedly reading Pitts's
outgoing mail.  <u>See</u> ECF No. 31, PageID #s 326, 329.  Pitts says
that Chief Judge Seabright has not taken Pitts's infirmity into
account, but Pitts does not explain what he means in alleging
this.  <u>Id.</u>, PageID # 327.

Pitts does refer to one specific factual matter that he
says Chief Judge Seabright was mistaken about.  Pitts says that,
on page 26 of Chief Judge Seabright's order of February 8, 2016,
Chief Judge Seabright says that Pitts sought medical attention
for his shoulder on September 6, 2014, while failing to mention
the 13 other times Pitts says he sought medical attention before
that.  <u>See</u> ECF No. 31, PageID # 332.  Even assuming that Chief
Judge Seabright was presented with a record indicating that Pitts
sought medical attention numerous times, the statement in the
order does not demonstrate bias.  The order addressed Pitts's
deliberate indifference claim, pointing to the September 2014
treatment as indicating that Pitts had received medical attention
for his shoulder, having had two injections into it.  <u>See</u> ECF No.
18, PageID # 235.  Not reciting every prior request for treatment
is not, without more, evidence of bias.

Pitts also believes that Chief Judge Seabright is
biased against him because of an earlier case Pitts filed in this

court, Pitts v. Rushing, et al., Civ. No. 11-00280 JMS/KSC.  In that case, Chief Judge Seabright actually denied a motion to dismiss.  See Civ. No. 11-00280 JMS/KSC, ECF No. 38.  This ruling favored Pitts.  Chief Judge Seabright subsequently partially granted a motion for summary judgment in that case.  See Civ. No. 11-00280 JMS/KSC, ECF No. 78.  Pitts says that, in granting the motion, Chief Judge Seabright relied on a policy that had not been introduced by any party.  ECF No. 31, PageID # 327.  Reliance on an unidentified policy is not readily apparent from the order.  The order stated that Pitts could not proceed on a claim based on the defendants' failure to provide a written statement explaining why certain witnesses had not been called in a disciplinary hearing held by prison officials, but that the defendants in that case were not entitled to summary judgment on the issue of whether there were justifiable reasons for not calling those witnesses.  See Civ. No. 11-00280 JMS/KSC, ECF No. 78.  Pitts cites to nothing in the earlier case indicating that in that case he questioned Chief Judge Seabright's partiality, as he claims in the present motion to have done.  See ECF No. 31, PageID # 327.  Ultimately, Pitts received a monetary settlement in the earlier case.  See ECF No. 88.

**III.    ANALYSIS.**

A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and

facts require." <u>Clemens v. U.S. Dist. Court for the Cent. Dist. Of Cal.</u>, 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995)). However, a judge's recusal is sometimes required. This court has deemed the motion to have been brought pursuant to 28 U.S.C. § 144 and/or § 455. <u>See</u> ECF No. 32.

Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455 requires recusal when:

> a judge's impartiality might reasonably be questioned or where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. Recusal is also required where the judge knows he has a fiduciary interest in the subject matter in controversy or in a party to the proceedings, or any other interest that could substantially affect the outcome of the proceedings. 28 U.S.C. § 455(b)(4).

<u>Hanson v. Palehua Cmty. Ass'n</u>, 2013 WL 1187948 (D. Haw. Mar. 20, 2013).

A motion brought under § 144 must be supported by a party's affidavit identifying the basis for the party's belief that a judge is biased or prejudiced.  A judge other than the judge who is the subject of a motion brought under § 144 must decide the motion.  Section 455 does not include language requiring an affidavit or requiring assignment to a different judge.

The standard for recusal under both § 144 and § 455 is the same.  See United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997).  Courts examine "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  Id. (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)).  Accord United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012).  "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer."  United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (quotation marks and citation omitted).

For purposes of § 144 and § 455, the basis of the recusal motion must "[a]lmost invariably" come from an extrajudicial source, as

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis

> for a bias or partiality motion unless they
> display a deep-seated favoritism or
> antagonism that would make fair judgment
> impossible.  Thus, judicial remarks during
> the course of a trial that are critical or
> disapproving of, or even hostile to, counsel,
> the parties, or their cases, ordinarily do
> not support a bias or partiality challenge.
> They may do so if they reveal an opinion that
> derives from an extrajudicial source; and
> they will do so if they reveal such a high
> degree of favoritism or antagonism as to make
> fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994).  A judge's ordinary efforts at courtroom administration and "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing the necessary bias or impartiality for purposes of § 144 and § 455.  Id. at 555-56.

Pitts's motion does not rely on anything extrajudicial in seeking the recusal of Chief Judge Seabright.  Instead, Pitts alleges that bias and prejudice are shown by Chief Judge Seabright's rulings against him, baldly concluding that Chief Judge Seabright must be biased or prejudiced if he has ruled against Pitts.

A ruling against a party, even if mistaken, does not require the removal of the judge.  Pitts fails to demonstrate that Chief Judge Seabright's rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky, 510 U.S. at 555.  To the contrary, the record establishes that Chief Judge Seabright has carefully

examined the merits of each of Pitts's claims, dismissing some but allowing others to go forward. This adjudication of Pitts's claims, even if Pitts thinks the adjudication is legally or factually wrong, does not demonstrate the bias or prejudice necessary for removal of Chief Judge Seabright from this case.

Pitts's motion to recuse Chief Judge Seabright is denied, given Pitts' failure to demonstrate that "a reasonable person with knowledge of all the facts would conclude that [Chief Judge Seabright's] impartiality might reasonably be questioned." Hernandez, 109 F.3d at 1453.

**IV.    CONCLUSION.**

To the extent Pitts's motion seeks the disqualification of Chief Judge Seabright based on alleged bias or prejudice, the motion is denied. The remainder of the Motion to Alter or Amend Judgment will be adjudicated by Chief Judge Seabright.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2016.

　　　　　　　　　　　　　  /s/ Susan Oki Mollway  
　　　　　　　　　　　　　Susan Oki Mollway  
　　　　　　　　　　　　　United States District Judge

Pitts v. Espinda, et al, Civil No. 15-00483 JMS/KJM; ORDER DENYING MOTION TO RECUSE CHIEF JUDGE J. MICHAEL SEABRIGHT